LIPSCOMB, J.
In discussing the errors assigned, we propose first to inquire whether the court had jurisdiction; and, secondly, whether the petition shows sufficient equity to sustain the suit.
Outlie first branch of the proposed investigation we will inquire if the suit is such as is required to be prosecuted in the county where the land lies, under the last exception in the 1st section of the act of 13th May, 1846. (Hart. Dig., art. 667.) It must be recollected that the exception referred to is made to the general proposition embraced by the first section of the act, that no person shall be sued out of the county of his residence; and t lie exception is in the following words, i, e., “In cases where the recovery of land or damages thereto is the “object of the suit; in which eases suit must be instituted where the land or a “part thereof is situated.” It is manifest that the object and meaning of the act was for the protection and convenience of resident citizens of the ¡átate in preventing them from being drawn from their own county, perhaps to a very distant one aud on an increase of expense, to defend suits that might be instituted against them; and so far as we may at any time be called upon to carry that salutary object of the statute into effect, it would claim a liberal construction ; but when not so called upon, we cannot regard the statute as entitled to any other than its plain literal meaning. In this case the party claiming the benefit of the exception presents rather the anomalous.case of claiming it as a right to be sued out of the county of his residence, as the demurrant is a resident citizen of the county in which suit is instituted. But it will be borne in mind that the exceptions in the statute are all intended for the benefit of the plaintiff; and it is not so clear that a defendant, when sued in his own individual character in the county of his residence, is entitled to claim the exception. If sued as administrator, executor, &c., he could, under another exception, claim the privilege of being sued in the county where administration had been issued. (Neill v. Owen, administrator, 3 Tex. R., 145; Richardson & Wife v. Wells, administrator, Id., 233.)
It is not, however, necessary to decide whether the exception in this case could be claimed if the suit had been for the “recovery of land or damages thereto,” because the suit is instituted to set aside and vacate a sale made by an administra for; aud it is in the. county where the administration was granted and conn's within the spirit of the decisions of this court in the two cases cited from 3 Texas Reports, and under the 5fh exception in the statute, “in cases “ of executors, administrators, or guardians of an estate, or trustees, who must be sued in the county in which the estate is administered.” The suit in this case is intended to vacate certain acts of the administrator; and, although *256 -Hie administrator is not made a party, it is alleged that he died, and that the estate oí the intestate is without an administrator; and it seems that the reasons of the law tliat required an administrator to he sued in the county where the administration was taken out will apply to this case.
Again, by the sixth exception, “in eases of fraud the suit may he instituted “ in the county where the fraud was committed.” The bill in this case charges a fraud between the administrator and the purchaser, and the transaction was in the county of Walker, where the suit was instituted.
The grounds we have mentioned authorized the suit to be instituted in the county where it was commenced; but, independently of these grounds, we are of the opinion that the suit was not brought for laud or damages thereto, within the meaning of the statute. We believe, therefore, that so far as it relates to ■the county in which the suit was instituted the demurrer is not sustainable, and we must next inquire if-the petition on its face shows sufficient equity and grounds of relief to authorize a decree in favor of the plaintiff.
The facts of the case as made out by the petition have been recited in the statement of the case, and-need not be again particularly recapitulated; that the order of sale and the sale of the laud was obtained by fraud and a fraudulent collusion between the administrator and the purchaser at that sale; and the specifications strongly, if not conclusively, sustain the allegation; that, when no debts were against the estate, the administrator obtained an order to sell the one-lialf of the third of a league of land; and that he did sell the same for eighty-seven dollars and ninety cents; and that the laud was worth four dollars per acre at the time of the sale; that the purchaser gave his note for the purchase-money without the security of a mortgage; and that the purchase-money had never been paid; that at a sale of the estate of the purchaser by his administratrix all the right and title to the land belonging to the estate of McDonald, the purchaser, was sold on a credit of twelve months, and pur-chased by the defendant, Edmonson, for ten dollars and fifty cents, for which he gave his note and a mortgage on the land as security for payment. Of all the facts the defendant is charged to have had notice. There are some other circumstances that, if unexplained, would go to confirm the allegation of ■fraud; but those specified show sufficiently good grounds for bringing the suit; ■and if the demurrer can be sustained, it can only be upon the ground that the facts set forth in the petition could not be set up according to the principles of law. And the appellee, who was the defendant in the court below, contends in support of his demurrer that the plaintiff is precluded from setting up those grounds of equity because it could not be done without violating the rule of law ■that the judgments of a court of competent jurisdiction cannot be collaterally attacked; that, if erroneous, they can only be avoided by appeal or writ of error; that the judgment of the Probate Court ordering the sale was such a •judicial act that it cannot be set aside in this court.
This doctrine is admitted, and is not to be questioned at this day; but it is often'a question, and sometimes a very perplexing-one, to determine at what time and by what mode the jurisdiction is brought to bear upon the subject-matter. The appellant insists that the Probate Court had no jurisdiction to make the order operating upon the land unless its jurisdiction had been called into operation in the mode prescribed by the statute; that the administrator ■did not file a petition as required by law. The 17th section of the act to organize the Probate Court, passed May 11th, 1840, (art. 1090, Hart. Dig.,) provides that when a sale of land or negroes becomes necessary for the payment of debts, application shall be made therefor by petition in writing, filed with the clerk. The petition shall set forth the amount of personal property that has come to the hands of the executor, administrator, or guardian, stating its nature and kind; second, the manner in which any portion of said property has been -applied; third, the debts that have been paid, and those that are still due *257 and unpaid, the amount of each and tho names of the parties to whom payable. It proceeds with other tilings that shall be contained in the petition, requiring a ininui e description of tiie land or negroes, and that on such petition citation shall issue and be personally served"upon the heirs and legatees; and if minors, on their representatives; and malees provision for citation by publica^ tion in a newspaper, in cases where tiie heirs and legatees are not known, at least four weeks; that an answer may be filed by the parties interested, showing tlieir objections. At tiie return term of the said notices the judge shall determine whether a sale shall be necessary, <fcc., &e. In the petition it is alleged that no such petition was iiled. Was the filing of the petition a prerequisite to the jurisdiction of the court attaching? in Lynch et al. v. Baxter and Wife, administrator, 4 Tex. R., 445, we hold the following language : That tho Probate Court has jurisdiction of the estates of deceased persons “ cannot be doubted; that tiie jurisdiction was brought directly into exercise “ upon the property by the petitioner praying tiie decree for an order of sale “ of land is equally clear.” In that case tiie order of sale was procured under a different statute, then in force, from the one under which tiie proceedings in the. case, before us have been instituted. By the statute then in force tiie administrator was required to petition the court and obtain an order of sale; and the record showed that the petition had been filed as required by the statute, and the petition is referred to in tho opinion of the court, as we have seen, as giving jurisdiction to the court upon the subject-matter. Had the record not shown that the order of sale was predicated upon the petition of the administrator, it is beyond doubt that wc would have decided that tiie order was a nullity, because the. jurisdiction of tiie court to sell had not been called into exercise by jiresenting something for it to act upon. In the ease of Jones v. Taylor it is said, in reference to another section of the probate law, i. e., in decreeing title, “that the authority conferred upon the Probate Court “by this" section is special and limited, and must be strictly pursued, otherwise “tho act and proceedings had thereon are nugatory and confer no right.” Tiie authority to order a s^le is equally special and limited.
In tiie State of New York an administrator cannot sell real estate for the payment of debts without first filing a petition with the surrogate, accompanied with a statement of the indebtedness of the estate, and obtaining the surrogate’s order of sale. In tiie case of Jackson v. Robinson, (4 Wend. R., 440,) Mr. Justice Marcy, in delivering the opinion of tiie court, says : “By an examination of the act relative to tho Court of Probate, it will be found that tiie “surrogate, if lie be the officer for tiie comity in which probate of the will or “letters of administration were granted, is required to aet on the suggestion of “an administrator or an executor of a deficiency of assets, and on receiving an “account of the. personal estate and tiie debts of tiie estate, lie thus acquires juris- “ diction of tiie subject-matter.” And in the case of Jackson v. Crawford, (12 Wend. R., 536,) it was ruled “that tiie petition of the administratator to the “surrogate, for the sale of the real estate, accompanied by an account of tiie “ personal estate and debts of tiie intestate, was sufficient to confer jurisdiction “ upon the surrogate over the subject matter.” In tiie case of Ford v. Walsworth, (15 Wend. R., 450.) it was decided, “.that tho omission to present to the “ surrogate, au account of tiie personal estate and of tho debts of the. intestate “ was a fatal defect in tiie proceedings; and as it was not shown on the trial “that such an account was presented to tiie surrogate >vlien applied to for aid' “ in tiie premises, it did not appear that he liad jurisdiction in the matter.” It will he found that tiie same doctrine has been held, hut more stringently, in Mississippi. (6 How. Mis. R., 105; Id., 230; Id., 269; 1 Sm. & M. R., 351.)
We conclude, then, that according to our own decisions, as well as those of' other States, the order to sell tiie land as stated in the petition of the plaintiff was void for want of jurisdiction, it having been made without the . petition required by tho statute regulating such orders of .sale...
Note 88. — Morris v. Runnels, 12 T., 175. A suit for specific performance of an executory contract for sale of land may be brought in county of defendant’s residence. (Hurst v. Kuyken-dall, 10 T., 327; Miller v. Rusk, 17 T., 170.)
Note 89. — Poor v. Boyce, 12 T., 440; Littlefield v, Tinsley, 20 T., 353.
Note 90. — Giddings v. Steele, 28 T., 732.
By the act of 1S46, cited above, the jurisdiction of the Probate Court could not attach on the question of the sale of the land until after the petition filed and a return of the citation. Not until then was the probate judge called upon to act and decide on the necessity of a sale. We are confident in the correctness of the construction we have given to our statutes, and in the application of legal principles to this case. But if the facts had shown that innocent purchasers for a valuable consideration would suffer thereby, it would have been to us a source of regret. This case can give rise, however, to no such regret. On the contrary, it affords the most lively satisfaction to know that the perpetrator of the most flagrant fraud upon the rights of the widow and the orphan has been arrested. The judgment of the court below is reversed, and the cause remanded for further proceedings.
Reversed and remanded.