Lipscomb, J.
The main object of this suit was to obtain a distribution of the real estate of Samuel Miller, deceased, to his widow and heirs; and, to effect this object, an order and sale of the land sought to be distributed is alleged to be contrary to law and asked to be set aside.
It was tried upon the record of the Probate Court, and no disputed fact was presented to be tried by a jury. It is believed that the court below did not err in disposing of the case without the intervention of a jury — the more especially as none was asked.
At the September Term, 1844, on the petition of Vannoy, administrator de bonis non of Samuel Miller, an order was made by the Probate Court for the sale of the real estate of the succession. Then follows an appraisement by their appraisers of a bond for title for three hundred and fifty acres of land, and then the following certificate of the administrator: “I certify the within three “hundred and fifty acres of land being offered according to law and sold for “twenty cents per acre, amounting to seveuty dollars, this 4th day of March, “1845. (Signed) R. Vannoy, administrator. Sworn to and subscribed before “ me, Ezra Wilson. Clerk of Probate.” At this term Vannoy surrendered the administration and Howeth was appointed administrator de bonis non, and on the 11th of January, 1S48, without any order from the Probate Court, conveys the land, as administrator, to Andrew J. S. Miller. The deed *166 makes no reference to the sale made by Vannoy, the previous administrator, nor to any order of sale, but purports to be ou a sale of land by Howeth himself. It does not appear from tire record that Andrew J. S. Miller was the purchaser at the sale made by Vannoy. This deed from Howeth is the, only tille set up by A. J. S. Miller, the appellant. The record shows.no authority in Howeth to make the deed; in fact, it is repugnant to any presumption of authority in him to do so, because it shows that the land had been sold by the previous administrator, although it does not appear to whom it had been sold. This deed, therefore, is no evidence of the title having passed from the heirs of Samuel Miller, the intestate, as it shows no connection or right derived from the sale made by Vanuoy.
Prom the view we shall hereafter take of'the order of sale and the sale under it we will waive the discussion as to how far the appellant could have sustained his right to the land had he really been the purchaser at the sale made by Vau-noy, although, through the neglect of the latter, he had been furnished whh no evidence of such fact. It may, however, be remarked that in his answer he alleges no fact deriving his right from that sale.
Tl>e important question is as to the legal effect of the order of sale made by the Probate Court ou the petition of Vannoy, the administrator. Was that order a nullity or only erroneous and voidable? 'If the first, it could give no right to the purchaser at a sale under it. If the latter, an innocent purchaser would be protected in his purchase, however irregularly the sale had been made or conducted under it. If the court had jurisdiction to make the order ou the application of the administrator for the sale of the real estate its order was not void. There can be no question that, prior to the 25th February, 1S43, the Probate Court liad authority, on the petition of the administrator, lo order the sale of the real estate of the intestate. But the act of 10th January, 1843, to take effect on the 2i>th February thereafter, (Hart. Dig., 1007,) made a material change, and controlled by the former law. It is enacted by it that in no case shall any administrator, executor, or guardian be required to sell any other property than that of a perishable nature belonging- to the estate of a deceased person or ward, nor be required to render and settle, their accounts, except upon application, by petition, of some crodil or or creditors, heir or heirs, legatee or legatees, or of some next friend of the ward, any law to the contrary notwithstanding-.
By the act of 1S40 (Dig., art. 1023) the application for the sale of the real estate of the decedent was required to be made within six months after his appointment, or as soon as he ascertained the deficiency of the personal property to pay the debts. And this was to be done by petition to the. Probate Court, and the court, “on full and satisfactory proof of the existence of such “debts and the necessity of such sale, shall order the same.” And, by article 1024 of the Digest, that if the executor or administrator should fail to petition for the sale of properly as provided for by the previous article, then it may he lawful for an j- one of the creditors of the said estate, whose claim lias been acknowledged or established, to petition for the sale of the property for the payment of the debts against said succession; and the court shall therefore proceed and make such order as if the petition had been filed by the executor or administrator. By the law of 1840, last cited, it will be seen that the order of sale required-as its basis that a petition should he filed by the executor or administrator, or, in default of their not petitioning, that it should he filed by an acknowledged or established creditor. The law nowhere, nor under any circumstances, authorized the court of its voluntary motion to order the sale; and had it been made not in conformity witii one of the two ways, it would have been a nullity. ■ The act of 1843 clearly restricts the former law, and takes away the authority to make the order or requisition (for botli mean the same) on the petition of the administrator or executor, and expressly inhibits its being made on their petition, but requires that it shall be on the petition of a creditor, legatee, heir, or next friend of a ward. The case of Lynch *167 v. Baxter and Wife, (4 Tex. R., 445,) disclosed a proceeding under the act of 18-10. The petition of the administrator in that case gave jurisdiction to the Probate Court to order the sale. If the evidence upon which the court allowed tire order was not sufficient to have authorized granting the petition, although the order may have been erroneous and reversible on appeal, yet it was not a nullity, because the. petition of the administrator for the order of sale liad called into exercise the legitimate jurisdiction of the Probate Court to bear upon and act directly upon the sale of the land.
In a case decided at the last term, of this court at Galveston on a proceeding and an order of sale under the act of 1S16, (Hart. Dig., 1090,) it was held, that to give jurisdiction to the Probate Court to order the sale of real eslate, the terms of the statute must be essentially observed in the petition and the exhibits required to be made by the administrator in the application for the order of sale; and, because it did not appear from the record that the administrator had in his application for the order of sale complied substantially with the requisitions of the statute, we decided that the order of sale and the sale made under it were nullities and gave no right to the purchaser. The case was very fully discussed oil the statute, anti tito adjudged cases under analogous statutes in other States were examined and found to sustain our decision. (Finch v. Edmonson, 9 Tex. R.)
These cases seem decisive of this case. The order of sale was made on the petition of the administrator when, by the act of 1843, before recited, it could only be legally made, and the Probate Court could have obtained jurisdiction only on the petition of a creditor, heir, or legatee. Hence, we conclude that the order of sale and the sale were absolutely void, and gave no right to a purchaser under il.
To the objection made by the app.ellaut that the application to set aside the order of sale and the sale'in this case was made too late, it is sufficient to answer that if these acts had been merely erroneous and voidable, and not void so far as Elizabeth Miller, the widow, was concerned, the objection would have been entitled to consideration, because she was under no disability; but, as they were absolutely void, they could not affect in any way her rights.
We have had some difficulty as to the correctness or necessity of bringing this case into the District Court in the manner it was brought. It may be said that as the order of sale and the sale were absolute nullities, why were they not so treated by the parties, and an application for a distribution made to the Probate Court? The proposition is not free from embarrassment; but the proceeds of this void sale were carried into the final settlement of the administrator, and it was competent to have that final settlement revised and corrected by the District Court. This is believed to be a satisfactory answer and authority for bringing the case into the District Court. And it being there legally, it was competent for that court to adjust and decide on the rights of all the parties before it, and, in reversing the final settlement, to decree a distribution.
I-Iemphill, Oh. J. and Wheeler, J.
We decline to express a decisive opinion as to the construction of the act of 1S43, as it is not absolutely necessary to the present disposition of the case, and may be very important in its bearing. We wish to reserve the question for more mature consideration, should it become necessary to form a decisive opinion. We fully concur in the opinion and judgment of the court, with this reservation.
Judgment affirmed.
Note 02. — The statute of 1843 did not prohibit the probate court from ordering a sale of the property of an estate on the petition of the administrator. (Alexander v. Maverick, 18 T., 179; Allen v. Clark, 21 T., 404; Lee v. King, 21 T., 577.)