MALACHI W. ALLEN v. HEIRS OF JONATHAN CLARK, DEC'D.

The Act of January 16, 1843, (Hartley's Dig., Article 1067,) does not prohibit the Probate Court from ordering sale of real property of an intestate on the application of the administrator, and a sale made under such order is valid,

The fact that a land certificate is issued to the heirs of a deceased person does not make it their property in their individual character, but is the property of the estate of the deceased.

Error from Fannin. Tried below before the Hon. W. S. Todd.

Suit for trespass for land. This cause was submitted to the Court upon the following agreed statement of facts : " The plaintiffs hold title by patent issued to the heirs of Jonathan Clark, and it is admitted that they are his heirs. On the 25th March, 1844, the administrator of Clark, the ancestor of plaintiffs applied by petition to the Probate Court of Red River county, in which letters of administration had been granted, for an order to sell the headright certificate upon which plaintiff's patent issued ; the order was made upon this application, and on the ―― day of June, 1844, the sale was made and defendant became the purchaser, and sets up title under this purchase."

There was judgment for the defendants in error.

*Dillahunty & Wright,* for plaintiff in error, cited Poor v. Boyce, (12 Tex. R., 441) and Alexander v. Maverick, (18 Tex. R., 179.)

*W. H. Johnson & B. W. Grey,* for defendants in error.

HEMPHILL, CH. J. This suit was brought by the heirs of

Jonathan Clark, deceased, for land, against Malachi Allen who claims by virtue of purchase at a probate sale of the head-right certificate of the deceased under which the land was surveyed and patented. The order of sale was obtained by the administrator of Clark, deceased, in March, 1844, on his application to the Probate Court of Red River county, in which county letters of administration had been granted, and the only question is as to the validity of this order of sale. We see no ground upon which it can be impeached.

The Act of January 16th, 1843, did not inhibit the administrator from applying for an order for the sale of the real property of an estate when necessary for the payment of debts, &c. Nor did it inhibit the Court from granting such order on the application of an administrator. He might have been exempted, perhaps, from liability for failure to procure an order of sale. The creditors and other persons mentioned in the Act were in effect bound to protect their own interests and obtain sales when necessary, but there is nothing in the Act which imports an intent to paralyze the administrator, to defeat the object of his trust, and prevent him if so disposed from faithfully administering and settling the estate, and obtaining on his own motion, the necessary orders for that purpose.

But this question has been fully discussed in Alexander v. Maverick, (18 Tex., 179,) and it was there settled that the Statute of 1843, did not prohibit the Probate Court from ordering the sale of the lands of an intestate, on the application of the administration. The Opinion to the contrary, as expressed in Miller v. Miller, (10 Tex., 319) did not receive the sanction of a majority of the Court, they having declined to express a decisive opinion as to the construction of the Act.

There is nothing in the fact that the certificate was issued to the heirs of Clark.

The mere fact that the certificate was issued to the heirs,

does not make it their property in their individual, personal capacity. They hold only as heirs of the deceased, and the certificate was as much the property of the estate of the deceased as if it had been issued to his administrator.

It is ordered that the judgment be reversed, and that such judgment be rendered for the defendant as should have been entered by the Court below.

Reversed and reformed.