CAVE J. HURLEY v. E. H. BARNARD ET AL.

48  83
77  271
48  83
82  63
82  266
48  83
88  634
48  83
90  452

1. PROBATE LAW—JURISDICTION.—Under the Probate Act of 1848, (Paschal's Dig., art. 1319,) a petition was not essential to give the court jurisdiction to order the sale of land for the payment of debts; and when no petition asking a sale is found among the papers pertaining to the estate on file, it will be presumed that it had been lost, rather than that it had never been filed.

2. ADMINISTRATION—JURISDICTION.—The fact that an administrator, under said Probate Act, waived a copy of citation, and accepted service in proceedings seeking the sale of land belonging to the estate for the payment of debts, will not authorize the conclusion that the court was on that account without jurisdiction to order the land sold.

3. PROBATE SALE.—Under the same act, it was no objection to the validity of a sale of land ordered by the Probate Court, that the sale was made to satisfy a debt secured by mortgage on the land which was not then due.

4. PROBATE SALE—DESCRIPTION.—The vagueness of description in an order of sale made by the Probate Court, could be cured by reference to the inventory and other matters of record pertaining to the administration.

5. STATUTE CONSTRUED.—The provision of the statute, (Paschal's Dig., art. 1327,) that the administrator shall swear to the report of sale, was a directory, and not a jurisdictional, requirement, and no presumption, that he did not swear to his report, will arise from the fact that his affidavit was not indorsed on his report.

6. EVIDENCE—STATUTE CONSTRUED.—The affidavit required as a predicate to the introduction of copies, under Paschal's Dig., art. 3716, is sufficient, when it states that affiant could not produce the originals.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

Cave J. Hurley, as the heir of Thomas N. Hurley, deceased, brought suit at the December Term, 1872, of the District Court of Hopkins county, against E. H. Barnard and others, to recover a tract of 307 acres of land. The defendant claimed title under a deed from Roane, the administrator of the estate of T. N. Hurley, made, as was claimed, in pursuance of an order of the Probate Court of Hopkins county, at the February Term, 1857. The replication of plaintiff alleged that the deed

conveyed.no title, because,—First, the pretended order of sale was made to provide for the payment of a note not then due. Second, that if the order of sale was made, it was to enforce a lien; and there was no application, in writing, to the chief justice of the county, for an order to sell the land, nor was there citation, requiring the administrator to appear and answer, as required, to give the court jurisdiction. Third, the order of sale was null and void, on account of the appearance of the administrator, and his waiver of citation and copy of notice. Fourth, the application was not made by any creditor of the estate. Fifth, the order did not describe the land, and the administrator made no return of sale of the land.

On the trial, exceptions were urged to the introduction of the proceedings of the Probate Court, covering the points above indicated. That record disclosed that Roane, the administrator, appeared in open court, and waived citation and a copy of notice; that an order was made, which recited that a mortgage had been executed "on the real estate of T. N. Hurley," to secure the payment of two notes; that there was no real estate belonging to T. N. Hurley at his death, except the land sued for; that the administrator was required, by order of the Probate Court, to sell "the real estate of the said Hurley, deceased," and that the "sale of land of said estate" was confirmed by the court at the July Term, A. D. 1857. The transcript contains the copy of a mortgage executed to secure the payment of the note bearing date July 5, 1856, which describes "307 acres of land, part of the headright of Mary Ann Bolin, situate in the county of Hopkins, about one mile east of the town of Sulphur Springs." Judgment was rendered for defendants, from which C. J. Hurley appealed.

*Payne & Putman*, for appellant.

I. It will be conceded that the Probate Court is a court of special and limited jurisdiction. (Easley v. McClinton, 33 Tex., 295.)

In this case, it is insisted that the Probate Court of Hop-

kins county had no jurisdiction to make the order to sell the real estate of Thomas Hurley. That the said order did not operate upon the land, because its jurisdiction had not been called into operation in the mode prescribed by the statute.

This question of jurisdiction of Probate Courts to order the sale of land, under the statute of 1846, seems to have been well matured by the Supreme Court in Finch v. Edmonson, 9 Tex., 504.

What right had the administrator to appear in "open court," without "citation," upon the "written application" of a creditor, and ask the court to make an order to sell the land of deceased? And this brings us back to the question,—Did this give the court jurisdiction to make the order?

Was it not his sworn duty rather, after the creditor had filed his written application, and he was cited to appear, to scrutinize the claim, and defend it, if necessary? But no; the court permitted all the guards thrown around the estate of a dead man by the law, for the protection of creditors and heirs, to be thrown to the winds, by this accommodating administrator.

In the case of Miller v. Miller et al., 10 Tex., 333, the court says: "The order of sale was made on the petition of the administrator, when, by the act of 1843, before recited, it could only be legally made (and the Probate Court could have obtained jurisdiction only) on the petition of a creditor, heir, or legatee. Hence, we conclude that the order and the sale were absolutely void, and gave no right to a purchaser under it." (Harris v. Graves, 26 Tex., 577; Littlefield v. Tinsley, 26 Tex., 353; Morris v. Halbert, 36 Tex., 19; Poor v. Boyce, 12 Tex., 440; Easley v. McClinton, 33 Tex., 288.)

II. Had the Probate Court jurisdiction to order a sale of land to pay a debt not due, under any law?

Again, what land was ordered to be sold? There was no petition, wherein the land was described. The order of court does not describe any. The first time any land is described, is in the deed from the administrator to the purchaser, Mus-

grove. The deed must have followed the order of court, otherwise it certainly would be a nullity, and pass no title. (Murray v. Land, 27 Tex., 89; Castro v. Illies, 13 Tex., 229; Paschal's Dig., art. 1321.) Paschal's Dig., art. 1327, provides that when a sale of property is ordered, and the sale made, the administrator shall return to the court an account thereof. "Such account of sale shall be in writing; shall specify the property sold; the name of the purchaser; the price for which it was sold, and the terms of sale; and shall be sworn to and subscribed." Then it is the duty of the chief justice to inquire into the manner in which such sale was made. If satisfied, he shall confirm the sale, and order a conveyance to be made to the purchaser. But the chief justice had no power to approve the sale and order a conveyance, until the administrator had made a return under oath, as required by law. (Paschal's Dig., art. 1327.)

The pretended order confirming the sale of the land, tested by the statute, is no confirmation. It describes no land,— suffice it to say, it is not intelligible,—and conveys no legal idea. This is not all. According to the decisions of this court on the subject of jurisdiction, the administrator, Roane, had no right to thrust himself forward and petition for the sale of the land. (Paschal's Dig., art. 1319.)

[No briefs for appellees have reached reporters.]

MOORE, ASSOCIATE JUSTICE.—It cannot be disputed, that the copy of the record from the Probate Court of Hopkins county, given in evidence by appellees, over appellant's objection, shows that the administration upon the estate of Thomas N. Hurley, deceased, appellant's father, was conducted in quite a loose and informal manner; and that many glaring irregularities and errors are exhibited in the action of the court, as well as by the administrator in the course of said administration. But however readily we may concede that there is manifest error in the proceedings and orders of the court under which the land involved in this suit was sold,

it cannot be maintained, in the light of the former decisions of this court, that they can be held to be absolutely void.

The most serious objections urged by appellant against the deed from the administrator, are that the order of court does not show that a petition had been filed asking for a sale of the land; that the administrator waived a "copy of the citation, notice, &c."; that half of the debt, to satisfy which the land was sold, was not due when the order of sale was made; that the land was not sufficiently described in either the order or confirmation of sale; that the report of sale is too vague and indefinite, and is not sworn to by the administrator.

In the case of Finch *v.* Edmonson, 9 Tex., 504, it is said, that a petition for the sale of land belonging to an estate was essential to give the court jurisdiction to make such order, under the Probate law of 1846. But the correctness of this proposition seems to have been seriously questioned. It has, beyond doubt, been limited in its application to orders of sale made under that law; and it seems to be now well settled, that a petition is not essential to give the court jurisdiction, under the statute of 1848, to order the sale of land for the payment of debts. (Alexander *v.* Maverick, 18 Tex., 179.) But if a petition was necessary, " the order of sale could not be considered invalid, because the record did not show affirmatively that the petition was not filed. * * * It could not be intended, from the absence of such a paper merely, that it was never filed; but the intendment most rational would be that it was lost after the rendition of the order." (Id.) And, certainly, the fact of the administrator waiving a copy of the citation, and accepting service, does not indicate any impropriety of conduct on the part of the administrator, much less warrant our saying that the court was on this account without jurisdiction to order the sale.

Nor did the court err in making the order, because a part of the mortgage debt was not then due. (Tinsley *v.* Boykin, 46 Tex., 592.)

The vague and indefinite manner in which the land is described in the order of sale, report of the administrator, and order of confirmation, presents the most serious objection to the title under administrator's sale; and if not aided by other parts of the probate record, this ground of objection would probably be fatal. But it appears, from the record, that this tract was the only land the estate owned. The sale was ordered for payment of the purchase-money, which was secured by " a mortgage upon the real estate of the said Hurley, deceased." It is accurately described in the mortgage, to which reference is made in the order. That the description in the order of sale may be aided by the inventory and other matters of record pertaining to the administration, has been heretofore decided by the court. (Davis *v.* Touchstone, 45 Tex., 490.) The provision of the statute, that the administrator shall swear to the report of sale, is unquestionably a directory, and not a jurisdictional, requirement. But if essential to the validity of the order of confirmation, it is not shown, by the record, that the administrator did not verify his report, as required by the statute. The fact of his affidavit not being indorsed upon the report, does not prove that the oath required was not made.

The objection to the sufficiency of appellee's affidavit as a predicate for the introduction of copies of the mortgage deed from Hurley to Warren, and the deed from Roane, administrator, to Musgrove, were not well taken. The affiants swear that they could not procure the originals. This is all that the statute requires of them. (Paschal's Dig., art. 3716.) The proof of the execution of the deed to Musgrove by Vansickle, one of the subscribing witnesses, is a substantial, though not a literal, compliance with the statute. This was sufficient to admit it to record.

The other assignments of error are not of sufficient moment to require notice.

The judgment is affirmed.

AFFIRMED.