## W. C. LYNE ET AL. V. B. H. SANFORD ET AL.

### No. 7034.

1.  **Idem Sonans.**—*Forris* and *Farris* are idem sonans, and a sale by the administrator of the estate of Willis A. Farris of a land certificate granted the heirs, etc., of Willis A. Forris would pass title thereto.

2.  **Jurisdiction of Probate Courts—Presumption.**—Letters of administration were granted January, 1852, in Austin County, upon estate of one who was alleged to have died in 1841, a citizen of Texas, etc.    In 1888 the heirs of the intestate instituted suit for the land located by a purchaser under the administrator, objecting to the probate sale because it was not shown that Farris (intestate) died in Austin County.    *Held,* the County Court had general jurisdiction in the administration of estates.    Nothing to the contrary appearing upon the record, it will be presumed, when its judgments are collaterally attacked, that it found the facts to exist that would give it jurisdiction.

3.  **Order of Sale Without Notice—Irregularities.**—Objections to an order of sale, when offered to support a deed, for want of notice are only available in a direct proceeding, and can not be urged when the sale is collaterally attacked.

4.  **Petition for Sale by Administrator.** — In such collateral attack, where an application by an administrator stated that the estate was in debt, and requested a sale of property to pay debts, whatever the defects in the application in respect to failure · to show grounds for the grant of administration or for the order of sale, they can not be heard.

5.  **Same.** — That an indebtedness of the estate for which sale is ordered had not been presented to the administrator at the making of the order of sale will not vitiate such order.

6.  **Same—Fraud in Sale.**—Fraud in an administration sale is grounds for avoiding it in direct attack for that purpose.    The sale is not a nullity

7.   **Same — Want of Exhibit, etc.** —It will not vitiate an order of sale when attacked collaterally that no statement of the condition of the estate accompanied the application for order to sell.

8.   **Cases Limited.** — Finch v. Edmonson, 9 Texas, 504, and Miller v. Miller, 10 Texas, 333, limited.

9.   **Land Certificate, Sale of.**—A special act of the Legislature granted a certificate for a league and labor of land February 11, 1850, "to the heirs or legal representatives of Willis A. Forris, deceased; * * * provided, however, that this act shall only be in force and effect if the party has not heretofore received his headright." This gave the estate of Forris a right to the certificate, and it was within the power of the Probate Court to order the sale of such right. The certificate, however, in fact was issued before the sale was made.

10.   **Time Within Which Administration Could be Granted.**—In 1852 the existing probate law did not fix a time within which administration should commence after the death of the intestate. The intestate died in 1841, and administration was commenced in 1852.

11.   **Assets of Estate for Administration.**—The special act granting the league and labor certificate to heirs or legal representatives of Forris was not a gift to the heirs, but the certificate was subject to administration for the benefit of creditors of Forris.

12.   **Special Act Construed.** — That the grant authorized the Commissioner of the Land Office to issue the certificate to the heirs or legal representatives did not give to the act of the Commissioner in issuing it to the heirs any effect as determining its ownership. The duty of the Commissioner was simply ministerial.

APPEAL from Clay.   Tried below before Hon. P. M. STINE.
The opinion states the case.

*A. K. Swan, H. N. Atkinson,* and *J. E. Bomar,* for William and Sue Lyne, appellants.—1.   A land certificate granted by special act of the Legislature, or under its authority, to the heirs of a deceased person, when no claim exists against the State, and in favor of such deceased person for such certificate, is a gratuity, a donation to the heirs, and is not assets belonging to the estate of such deceased person, and not subject to sale for his debts.   Causici v. La Coste, 20 Texas, 269; Eastland v. Lester, 15 Texas, 99; Todd v. Masterson, 61 Texas, 618; McKinney v. Brown, 51 Texas, 94.

2.   The Legislature having directed the Commissioner of the General Land Office in the alternative to issue a land certificate to one or the other of two parties, vested him with a judicial discretion which when exercised is final, and especially so when it appears that the one in whose favor it was exercised is the only one in existence when the authority was conferred.   Walters v. Jewett, 28 Texas, 194; Johnson v. Smith, 21 Texas, 728; Burkett v. Scarbrough, 59 Texas, 497; McPhail v. Burns, 42 Texas, 145; Hanrick v. Jackson, 55 Texas, 17; Babb v. Carroll, 21 Texas, 765; Howard v. Colquhoun, 28 Texas, 135.

3.   An administration granted upon an application showing upon its face that the intestate had been dead for more than ten years, and

had no property within the jurisdiction of the court, and no other facts are shown affirmatively showing jurisdiction or cause for administration, is without jurisdiction, fraudulent, and void. Harwood v. Wylie, 70 Texas, 538; Duncan v. Veal, 49 Texas, 611; Marks v. Hill, 46 Texas, 345; Withers v. Patterson, 27 Texas, 491.

4.   An order for the sale of a deceased person's property made on the day administration was granted, the application for the sale being without notice, is manifestly fraudulent and void.

5.   An order for the sale of the property of an estate in course of administration, made upon an application showing no good cause for sale, is without jurisdiction and void. Flanagan v. Pierce, 27 Texas, 78.

6.   Property not inventoried as the property of an estate is not within the jurisdiction of the Probate Court, and a sale thereof under an order of such court is void. Schmeltz v. Garey, 49 Texas, 49; Miller v. Rogers, 49 Texas, 398.

7.   Title to a land certificate issued to the heirs of Willis A. Forris, even though under circumstances which would render it assets in the hands of the administration, is not passed by an inventory, order of sale, and deed of a certificate "to be issued to the legal representatives of Willis A. Farris, or as the headright of Willis A. Farris."

8.   Under the law in force in 1852, application for the sale of property of estates other than perishable property must have been accompanied by an exhibit under oath of the condition of the estate, showing among other things what debts had been allowed; and an order granted without such an exhibit verified under oath was void. Hart. Dig., arts. 1163, 1168.

On notice:   Hart. Dig., art. 1240.

As to approval of claims held by administrators:   Id., art. 1242.

As to necessity of schedule:   Miller v. Miller, 10 Texas, 333; Finch v. Edmonson, 9 Texas, 504.

*Davis & Harris*, for appellees.—1. The certificate in question belonged to the estate of Willis A. Farris, and was assets in the hands of his administrator and could be lawfully sold for his debts. Soye v. McCallister, 18 Texas, 80; Soye v. Maverick, 18 Texas, 101; Allen v. Clark, 21 Texas, 404; Goldsmith v. Herndon, 33 Texas, 705; Marks v. Hill, 46 Texas, 345; oral opinion of Justice Moore in Heirs of Smith v. Hoadley, No. 3285, writ of error from Navarro County.

2.   The County Court for Austin County had jurisdiction to grant administration upon the estate of Willis A. Farris. Murchison v. White, 54 Texas, 82; Williams & Co. v. Verne, 68 Texas, 414; Guilford v. Love, 49 Texas, 715; Martin v. Robinson, 67 Texas, 375.

3.   The County Court of Austin County had jurisdiction over the subject matter and the right to order and confirm the sale, and its judgments, not being void, are not subject to collateral attack.

Notice of application not necessary under Act of 1848.   George v. Watson, 19 Texas, 369; Heath v. Layne, 62 Texas, 686.

The sale of personal property might be made under the Act of 1848 before claims are allowed.   Pasch. Dig., art. 1314.

Claims barred on their face when approved become the judgment of the court, and can not be collaterally attacked.   Martin v. Robinson, 67 Texas, 381; Moore v. Hillebrant, 14 Texas, 312; Heffner v. Brander, 23 Texas, 631; Firebaugh v. Ward, 51 Texas, 414.

If the sale was irregular or fraudulent it should have been attacked by direct proceedings.   Capt v. Stubbs, 68 Texas, 224.

The Act of 1848 prescribing no time in which administration should be had, the proceedings are not void on account of the lapse of time. Martin v. Robinson, 67 Texas, 375.

4.   Farris and Forris are idem sonans, and in fact the same name; but if not, the discrepancy arises from a clerical error, and does not affect the validity of the administrator's sale.

FISHER, JUDGE, *Section B.*—This is a suit of trespass to try title, instituted in the District Court of Clay County, August 30, 1888, by appellants, against the unknown heirs of C. P. Runnell and the unknown heirs of B. E. Sanford and Wm. Weaver.   The land in controversy, as claimed in the original petition, was patented to the heirs of Willis A. Farris.   The Sanford heirs answered and disclaimed as to all of the land sued for except a designated 1505 acres.   The Sanford heirs pleaded not guilty as to the 1505 acres.   Weaver by answer disclaimed as to the land sued for except 320 acres, which he claimed by limitation.   The plaintiffs at this stage of the case filed their first amended petition, seeking recovery only against the Sanford heirs (naming them) and against Weaver for the land claimed by them in their respective answers.   The case below was tried before the court without a jury, and judgment was rendered in favor of the defendants. It is admitted that the judgment is correct as to defendant Weaver, he being entitled to the 320 acres set up in his answer under his pleas of limitation.   It is agreed that appellants are the heirs of Willis A. Farris, deceased, and it is also agreed that the defendants Sanford are the heirs of B. E. Sanford, and that they have a regular chain of title from Wm. H. Stubblefield down to themselves for the 1505 acres of the Farris survey as set up in their answer.

February 11, 1850, the Legislature passed an act for the relief of the heirs and legal representatives of Willis A. Farris, deceased.   As the construction of this act is before us for our consideration we will set it out in full.

"Section 1.   Be it enacted by the Legislature of the State of Texas, That the Commissioner of the General Land Office be and is hereby required to issue a certificate for one league and labor of land to the

heirs or legal representatives of Willis A. Farris, deceased, and that the same be located, surveyed, and patented on and to any of the vacant and unappropriated lands of this State; provided, however, this act shall only be in force and effect if the party has not heretofore received his headright.''

The act took effect from and after passage.

In obedience to this act the Commissioner of the General Land Office on April 15, 1852, issued to the heirs of Willis A. Farris a certificate for a league and labor of land.    This certificate was located on the land in controversy, and the patent was issued to the heirs of Willis A. Farris August 14, 1855.    William H. Stubblefield, from whom the defendants deraign title, purchased the certificate at an administrator's sale on the first Tuesday in May, 1852, from David Y. Portis, the administrator of the estate of Willis A. Farris.    It appears from the record that January 26, 1852, David Y. Portis presented his application in the Probate Court of Austin County asking that he be appointed administrator of the estate of Willis A. Farris, who died intestate in the year 1841, and at the time largely indebted to the estate of John Cummings, and left no property except a claim to headright of a league of land. At the time of his death Farris was a citizen of Texas.    At the February term, 1852, of the court administration was granted on the estate of Willis A. Farris and Portis appointed administrator.    March 29, 1852, Portis qualified as administrator of the estate by executing the required bond and making oath as required by law.    On the same day the court appointed appraisers to make inventory of the property of the estate, who upon that day, together with the administrator, returned an appraisement and inventory of the property of the estate as ''a certificate for one league and labor of land to be issued by the Commissioner of the General Land Office to the legal representatives of said Farris,'' which the appraisers valued at $500.  March 29, 1852, Portis as administrator makes his application to the court, in which he asks for an order of sale of the claim for a headright certificate of a league and labor of land to be issued under a special act of the Legislature, and that this is all of the property of the estate of Farris.    The sale is asked for the purpose of paying a claim held by Portis belonging to the estate of John Cummings, deceased, against Farris for the sum of $2600, and that the claim was in the shape of a mortgage on the headright of Farris, located in Bexar County, and that the mortgage was sent to Bexar County for registration, but neither the mortgage nor the record thereof can be found.    The application further states that the headright of said Farris was rejected by the Board of Traveling Land Commissioners, and that the special act of the Legislature was passed at the special instance of the applicant.    The application further states that there are no funds of the estate to meet the costs and expenses of administration.    On March 29, 1852, the court heard the

application and ordered the sale of the headright certificate of Willis A. Farris for one league and labor of land. The order requires the certificate to be sold at public outcry to the highest bidder on a credit of twelve months. After due notice, October 26, 1852, the administrator made his report of the sale of the certificate in obedience to the order, after giving legal notice. That the certificate was sold on the first Tuesday in May, 1852, to W. H. Stubblefield on a credit of twelve months for the sum of $700, his being the highest and best bid. At the October term, 1852, the court confirmed the sale of the certificate, and the order recites that the administrator had made a deed to Stubblefield, which the court approves. May 10, 1852, Portis as administrator of the Farris estate executed a deed to Stubblefield conveying the certificate. Appellants contend that this administration and sale of the certificate is void and conveyed no title to Stubblefield in the land by reason of his purchase of the certificate.

"1. Because the grant of the certificate and the certificate itself, located upon the land sued for, was to heirs of Willis A. Forris, and the administration was upon the estate of Willis A. Farris, and the certificate sold to Stubblefield was the headright of Willis A. Farris, and not Willis A. Forris." We believe the names Farris and Forris are idem sonans. 16 Am. and Eng. Encyc. of Law, pp. 122–124. But however this may be, it is reasonably apparent that Willis A. Forris and Willis A. Farris is the name applying to the same person, and that the spelling of the name differently arose out of errors and mistakes committed in preparing the certified copies of the instruments and records from the Secretary of State's office and the Land Office that are in evidence in the case. In the certified copies of records offered in evidence by plaintiff the name appears Forris. In the certified copies introduced by defendant the name is spelled Farris.

"2. Because it does not appear that Farris died in Austin County or had any assets or property there, and therefore the court had no jurisdiction to grant the administration." The County Court of Austin County had general jurisdiction concerning the administration of estates. Nothing to the contrary appearing upon the record, it will be presumed when its judgments are collaterally attacked that it found the facts to exist that would give it jurisdiction.

"3. That the order of sale was obtained and the sale of the certificate made without notice being given beforehand." These objections are only available in a direct proceeding, and can not be urged when the sale is collaterally questioned. Hurley v. Barnard, 48 Texas, 87; Heath v. Layne, 62 Texas, 691; George v. Watson, 19 Texas, 368.

"4. That the application shows no cause for administration and no reason for a sale of the certificate." The application shows that the estate was indebted and asks for sale of certificate for the purpose of paying debts. Whatever may be the object in the application in this

respect, the objections can not be heard in this case.    Hurley v. Barnard, 48 Texas, 87.

"5.    That the certificate was sold before the claim of Cummings' estate was presented and allowed."   The application for order of sale sets· out this claim and asks that the certificate be sold for the purpose of paying the debt.    The court grants the order of sale as asked.    The application for order of sale was made by the administrator.    This is tantamount to an allowance of the claim by the administrator and an approval by the court.    Allen v. Clark, 21 Texas, 405.

"6.    That the administration and sale of certificate was fraudulent, and that the Cummings claim was barred on its face, and as a debt it would not support an administration."   These are proper objections to be urged in a direct attack upon the administration, but can not be heard in this case.    Firebaugh v. Ward, 51 Texas, 414; Capt v. Stubbs, 68 Texas, 223.

"7.    That the application for sale was not accompanied by an exhibit under oath of the condition of the estate, showing what debts had been allowed."   A failure to attach such exhibit would not render the sale void.    A sworn appraisement and inventory was made before sale, showing the condition of the estate.    Finch v. Edmonson, 9 Texas, 504, and Miller v. Miller, 10 Texas, 333, are relied upon by appellant as authority.    The first case is questioned in Hurley v. Barnard, 48 Texas, 87, and is impliedly overruled in Heath v. Layne, 62 Texas, 692. The latter case is explained by Allen v. Clark, 21 Texas, 405, and the expressions in the opinion that supports the contention of appellants are disapproved.

"8.    That the certificate was not in existence at the time the order of sale was made, and was not inventoried as assets of the estate."   The special act of the Legislature was in existence at the time the order was made granting the right to sell the certificate, and the certificate was issued before the sale.    The right of Farris' estate flowed from the act of the Legislature, and was at the time of the order an existing right.

"9.    That the administration being granted on Farris' estate more than ten years after his death, was void."   This objection is not tenable.    This was the first grant of administration upon Farris' estate. The then existing law did not fix a time when administration should commence, after the death of the intestate.    Martin v. Robinson, 67 Texas, 375.    The sale and order of sale are not subject to collateral attack for this reason.

"10.    That the certificate was not assets of the estate of Farris, but the property of the heirs of Farris; therefore not subject to administration, for the reason that it was a donation to the heirs under the special act of the Legislature."   By reference to the special act, it will be seen that the Legislature in granting this certificate recognized that Willis A. Farris had before his death earned the right to a head-

right certificate of a league and labor, and in recognition of this right they granted to his heirs or legal representatives the certificate, if he had not heretofore received his headright. The terms of this act clearly imply that the consideration that moved the Legislature to grant the certificate was the right existing in Farris by reason of his having complied with the laws under which the certificate was earned. If this was the purpose of the Legislature the grant can not be regarded as a gratuity or donation to the heirs. Hill v. Kerr, 78 Texas, 218; Rogers v. Kennard, 54 Texas, 34.

"11. That the special act granting the certificate required the Commissioner of the General Land Office to issue to the heirs or legal representatives the certificate, and the certificate being issued by him to the heirs was the exercise of a discretionary act upon his part, and so issuing vested the absolute title in the heirs." There is nothing in the special act that confers the right upon the Commissioner to decide which class of persons mentioned in it shall be entitled to the certificate. The act that granted the right directed the title, and the Commissioner had no power to divert it. His duty was simply ministerial. He had no authority to pass upon the rights of the claimants to the certificate so as to conclude them. The issuance of the certificate to the heirs does not make it their individual property, but the certificate is subject to the payment of their deceased ancestor's debts, and is assets of his estate.

We find no error in the judgment, and report the case for affirmance.

*Affirmed.*