**Loyd A. CARSON, Jr., Appellant,**

v.

**ESTATE of Halsey V. CARSON, Deceased, Marie I. Johnson, Administrator, Appellee.**

**No. 1631.**

Court of Civil Appeals of Texas, Corpus Christi.

May 29, 1980.

Rehearing Denied June 30, 1980.

R. Mayo Davidson, of Davidson & Davidson, Houston, for appellant.

H. William Schneider, Duckett, Bouligny & Collins, El Campo, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal by an heir at law of a decedent from an order of the probate court denying his petition for a statutory bill of review. Involved is an order of sale of all the real estate (960 acres of land) owned by the decedent. We affirm.

On June 5, 1979, Marie I. Johnson, the administratrix of the Halsey V. Carson Estate, hereinafter called "respondent," applied to the Probate Court of Wharton County, Texas, for authority to sell all of the real estate belonging to the decedent. Attached to said application was a document denominated "Condition of the Estate," which incorporated by reference the First Annual Account. The Account listed all claims due and owing by the Estate. A hearing was duly held on the application on June 14, 1979. Loyd A. Carson, Jr., an interested party and hereinafter called "petitioner," in his waiver of citation, stated:

"I agree that all 960 acres of the Carson Estate land should be sold at public or private sale."

He was present at the hearing.

On July 3, 1979, the probate court signed an order for the sale, at public or private sale, of all the land owned by the decedent, consisting of several tracts of land which totalled approximately 960 acres. The following findings appear in the order of sale:

" . . . the sale is necessary and advisable in order to pay expenses of administration, Federal Estate Taxes, the indebtedness to Union State Bank of East Bernard, Texas, secured by Deed of Trust lien, and other debts against the Estate which might exist, and to accomplish a fair and equitable distribution of the Estate to the seven heirs, as the land is of unequal value and not susceptible to a fair and equitable partition in land among the heirs."

Report of Sale was duly filed by the respondent.

The record consists solely of the transcript. There is neither a statement of facts prepared in accordance with Rule 377, T.R.C.P., nor an agreed statement prepared in accordance with Rule 378, T.R.C.P., before this Court. Formal findings of fact were neither requested nor filed. The judgment recites that the court "heard the evidence in support of the application." Under such circumstances, we must presume that the court found every fact in issue necessary to sustain its judgment. *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79 (Tex.Sup.1955); *Armenta v. Nussbaum*, 519 S.W.2d 673 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).

It is only in an exceptional case, i. e., where fundamental error is presented, that an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts. *Houston Fire & Casualty Ins. Co. v. Walker*, 152 Tex. 503, 260 S.W.2d 600 (Tex.Sup.1953). This is not such an exceptional case. Fundamental error is not presented by the record in this appeal. Therefore, every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment rendered in this case by the court. *McElyea v. Parker*, 125 Tex. 225, 81 S.W.2d 649 (Tex.Comm'n App.1935, opinion adopted).

Tex.Prob.Code Ann. § 31 (1956), in pertinent part, provides that any interested person may, by bill of review filed in the court in which probate proceedings are held, have any decision, order or judgment rendered by the probate court revised and corrected on showing error therein. The petition falls within the purview of Section 31.

Petitioner presents six points of error. He contends that the order of sale should be set aside because: 1) the sale erroneously

permits the sale of real property for the purpose of paying debts and for the purpose of partition and distribution long before the administration of the Estate is complete; 2) personal property should have been sold before real property was sold; 3) the order failed to select the specific real property, which would be most advantageous to the Estate, to be sold; 4) no claims had been filed with the administratrix, or allowed by her, prior to the date the order of sale was signed by the probate judge; 5) the order of sale authorized the sale of minerals along with the surface of the subject real property when "the minerals were obviously capable of severance from the surface and partition in kind"; and 6) the order of sale erroneously permits sale at either public or private sale.

■ Petitioner argues that the procedures relating to a statutory bill of review require a probate court to set aside an order of sale after it becomes final because of irregularities or failures to strictly comply with the provisions of the Texas Probate Code applicable to the processing of claims against the decedent and the sale of property belonging to the decedent's estate in order to pay such claims. We do not agree. *Moncus v. Grace Oil Company*, 284 S.W.2d 375 (Tex.Civ.App.—Galveston 1955, writ ref'd n. r. e.); *Union Bank and Trust Co. of Fort Worth v. Smith*, 166 S.W.2d 928 (Tex. Civ.App.—Fort Worth 1942, no writ).

■ In view of the findings made by the probate court in the order of sale, and assuming, arguendo, that the sale was ordered for the purpose of raising money to be used to pay debts and to provide a suitable means for the partition of the estate, such would not warrant a bill of review. It is well settled that the failure of a court in the exercise of a valid judicial power to follow the directive of a statute, which has to do with the exercise of power, not the power itself, may render the order voidable, but not render it void. *Pure Oil Co. v. Reese*, 124 Tex. 476, 78 S.W.2d 932 (Tex.Sup.1935); *Hamilton v. Jones*, 521 S.W.2d 350 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). Petitioner's complaint is directed toward a mere possible irregularity. The same is true with respect to the assertions: 1) that personal property should be sold before any real property is sold, and 2) that specific real property should be sold "to pay debts that would be most advantageous to the Estate."

■ Concerning the contention that property may not be sold except to pay claims and debts which have been filed and allowed with the administratrix in this case, in *Heard v. Vineyard*, 212 S.W. 489 (Tex. Comm'n App.1919, opinion adopted), the Court held:

"The court had full and complete jurisdiction, and was empowered to order a sale of lands belonging to the estate for the payment of debts of the estate . . . . . The statute does not limit the exercise of the power to claims established against the estate, when the application is made by an administrator or executor. *The test is not the establishment, but the existence of the claim.*" (Emphasis supplied).

In the instant case, the probate court found that certain claims did exist at the time the application was filed. Furthermore, where the application for sale sets out the property to be sold for the purpose of paying debts and the court authorizes the sale of property, such action is tantamount to an approval of the claim by the administrator and by the probate court as well. *Lyne v. Sanford*, 82 Tex. 58, 19 S.W. 847 (Tex.Sup. 1891).

■ There is nothing in the Texas Probate Code which requires that the minerals be severed from the surface and that either the surface or the minerals be sold separately. Petitioner has cited no authority in support of his argument and contention and we have found none.

■ The burden is on an appellant to bring before the appellate court a record which reveals error that requires a reversal. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.Sup.1968). Petitioner did not meet that burden. We have carefully considered all points of error which petitioner has

presented in this appeal. They are over-ruled.

The judgment of the trial court is AFFIRMED.