### MRS. S. H. PERRY v. LEVI BLAKEY.

### No. 56.

**1. Administrator—Application to Sell Land—Presumption.**—The probate records showed no application for an order to sell the land, but the orders of sale recited that application had been made, and facts enough appeared to justify the court in assuming that the jurisdiction of the court over the estate was properly exercised, and that the administrator was duly appointed and authorized to act in the capacity in which he was recognized by the court. Under such circumstances, independent of the recitals in the orders of sale, the presumption must be indulged that the court acted regularly, and therefore that application for the order to sell was made and presented to the court.

**2. Same — Confirmation of Sale.** — In this case, no return or report of the sale by the administrator appears among the proceedings; but see recitals in the orders of the Probate Court, and facts which raise in a collateral attack the presumptions, first, that the inventory filed by the administrator, though not now among the probate records, was before the court at the time the sale was ordered, and that the lands ordered to be sold were fully identified to the court by the application and inventory; and second, that the court confirmed the sale of the land. as embraced in the administrator's deed, to the grantee therein. In such case, the administrator's deed, which formed a link in appellant's chain of title, should have been admitted in evidence.

**3. Probate Judgments—Presumptions.**—It is the policy of the law to uphold the proceedings of our Probate Courts, and their judgments in the administration of estates entrusted to their control by law are to be regarded, in collateral attacks upon their validity, as entitled to the same presumptions as the judgments of any court of record of general jurisdiction.

**4. Administrator's Sale—Consideration.**—The fact that the administrator's deed shows that the consideration which passed was the payment of a debt due by the estate to the grantee, does not render the sale void.

APPEAL from Cass. Tried below before Hon. JOHN L. SHEPPARD.

*Todd & Rowell*, for appellant.—1. The court erred in excluding the administrator's deed, because it was and is competent evidence, though of and by itself it is insufficient or defective.

2. The defense interposed amounts to a collateral attack on the judgments of the Probate Court in matters over which it has full jurisdiction, and it was error to have admitted and sustained it. The ruling of the court is based on the decision in the case of Terrell v. Martin, 64 Texas, 125. This case can not apply to a naked trespasser, but only to the heirs of Johnson, should they sue. Tucker v. Murphy, 66 Texas, 356; Sypert v. McCowen, 28 Texas, 635; Tom v. Sayers, 64 Texas, 342; Crain v. Huntington, 81 Texas, 614; Erhart v. Bass, 54 Texas, 98.

*Schluter & Allday*, for appellee.—The court did not err in excluding the administrator's deed, because plaintiff had not shown an order of the Probate Court of Red River County ordering the administrator to sell this tract of land to Jeptha D. Crawford, the person to whom the deed purported to have been made, in consideration of the debt due said Crawford from the estate of James H. Johnson, deceased. O. & W. Dig., arts. 767–782. It is not error to exclude an administrator's deed where it is not shown that the sale by the administrator had been approved by the Probate Court. Under the law in force in 1850, the date said administrator's deed purported to have been made, an administrator's sale of land had to be made on a credit of twelve months, and a sale made by an administrator to one of the creditors of the estate in consideration of a debt due from the estate to such creditor was an absolute nullity, even if it had been approved by the Probate Court. O. & W. Dig., art. 775; Teal v. Terry, 48 Texas, 491.

FINLEY, ASSOCIATE JUSTICE.—This is a suit of trespass to try title, brought July 1, 1889, by Mrs. S. H. Perry, against Levy Blakey, to recover 640 acres of land situated in Cass County, Texas, the Davidson Colville headright. The pleadings consisted of the petition of plaintiff, in the ordinary form of trespass to try title, and defendant's plea of not guilty. The case was tried February 14, 1891, by the court without a jury, and judgment was rendered in favor of the defendant for the land. The defendant introduced no evidence of title, and the judgment entered for him was the result of the failure of the plaintiff, in the opinion of the trial court, to prove such title as would justify a recovery of the land. Plaintiff's evidence was, in substance, as follows:

1. Patent from the State of Texas to David Colville to the 640 acres of land, dated May 3, 1861.

2. Bond for title, upon cash consideration, from David Colville to J. H. Johnson, dated July 3, 1843, for the land.

3. Order of Probate Court of Red River County, as follows: "*County Court, October Term, A. D. 1848.* William S. Todd, administrator of the estate number 184, James H. Johnson, deceased. And now at this day came the administrator and filed his inventory and appraisement of said

estate, duly sworn to by the appraisers of said estate, which received by the court and orders to be filed. The said administrator also filed his report and petition praying an order of sale to sell the lands belonging to the estate lying and being situate in the county of Cass; and the administrator is hereby ordered to sell the above mentioned property on a credit of twelve months, securing the payment of the same as the law directs, except so much as may be necessary to raise an amount sufficient to pay the funeral expenses, taxes now due by said estate, and the expenses of administration which have accrued up to this date, for which said amount the said administrator is ordered to sell so much of the above property for cash as will be sufficient to pay same; and cause continued.''

4. Order of Probate Court, Red River County, as follows: ''*County Court, November Term, 1849.* William M. Lambert v. The Succession of James H. Johnson, deceased. W. S. Todd, administrator. Petition for the sale of property to pay debts. It appearing to the satisfaction of the court that the plaintiff's claims have been already too long deferred, and the administrator having reported that he has no funds belonging to said succession, and it appearing further that it is doubtful whether lands can be found sufficient in their sales to satisfy the claims; therefore, it is ordered, that said administrator proceed to sell on the first Tuesday in January next, at the county seat of Cass County, so much of the land belonging to the estate, if to be found, as will be sufficient to pay the debts; and should the proceeds of said sale not be sufficient to pay the debts, it is further ordered, that the said administrator, on first Tuesday in February next, proceed to sell at the county seat of Red River County so many of the slaves of said estate as will supply the deficiency. Sales to be made on a credit of twelve months, with bond and security and a lien on the property according to law, and a copy of this order to be served on administrator.''

5. Order Probate Court, Red River County, as follows: ''*Monday, November 24, A. D. 1851.* Estate of James H. Johnson, deceased. Number 184. William S. Todd, administrator. Citation to report sales of land. This day came the administrator, William S. Todd, and presented his report of a resale of lands in the counties of Cass and Titus belonging to said estate, ordered at a previous term of this court, amounting to the sum of —— dollars and —— cents; and the court being sufficiently advised that said sale was made in conformity with law, it is ordered, that said sale be in all things approved and confirmed, and that said report of sale be recorded; and it appearing to the court that the bond of James H. Johnson, deceased, is for 664 acres, the C. Smith headright, it is ordered that the sale as to the six labors and a fraction be only confirmed, so far as same will not render it impossible to satisfy said bond; the purchasers having the right to acccept or reject the sale under this modification confirmation, proceeded to convey to the purchasers, James D. Todd, Jeptha

D. Crawford, R. P. Crump, Ben F. Cock, and B. Taylor, all the right, title, and interest that the decedent, James H. Johnson, had in and to the same at the time of his death, retaining a lien thereon to secure the final payment of the purchase money, upon their complying with the terms of said sale; and it is further ordered, that said administrator proceed against the defaulters at the first sale reported for the deficit in the amount of sale, and 5 per cent upon the original bid.   That administrator have a copy of this order, and cause continued."

All the above orders are duly certified as being true copies by the clerk of the County Court of Red River County, under seal of County Court.

6.  Deed from Jeptha D. Crawford and wife to Sardina H. Perry (plaintiff), dated April 19, 1859; ordinary warranty deed. Plaintiff also offered to read in evidence a deed of W. S. Todd, administrator of the estate of James H. Johnson, deceased, to Jeptha D. Crawford, dated May, 1850.   The defendant objected to the introduction of this deed, and the court sustained the objection and refused to permit it to be read in evidence, upon the ground, as stated by the judge, that it was not shown that there was any application made for an order to sell the land, nor any order of the Probate Court confirming the sale made by the administrator.

*Opinion.*—The action of the court in excluding the administrator's deed, forming a link in plaintiff's chain of title, is complained of, and made the basis of the several assignments of error presented in the brief of appellant, and constitutes the vital question in the case.

The copies of the probate record from Red River County introduced in evidence by the plaintiff, unquestionably show that the administration of the estate of James H. Johnson, deceased, was conducted with great informality and looseness; and a number of gross errors and irregularities on the part of both the administrator and the court are clearly apparent. But notwithstanding such errors and irregularities in the administration proceedings, which might have been corrected at the instance of parties at interest in a direct proceeding timely instituted for that purpose, if it can be determined that the court had jurisdiction of the estate, that the disposition made by the administrator of the land was such as the court had power to order, and that the court gave its judicial sanction to the sale, though in an irregular manner, such sale must be held valid against collateral attacks.   It clearly appears that the estate of James H. Johnson, deceased, was administered upon in the Probate Court of Red River County; that W. S. Todd was the acting and recognized administrator; and as there is no evidence to the contrary, we must assume that the jurisdiction of the court was properly exercised, and that the administrator was duly appointed and authorized to act in the capacity in which he was recognized by the court.   It is also apparent that the court had the power to order the sale of the lands in question.   It is true that no application

for an order to sell the lands of the estate appeared among the probate records introduced in evidence on the trial; each of the orders of sale introduced in evidence recited the fact that application for such order had been made.  Independent of such recitals, however, the presumption must be indulged that the court acted regularly, and therefore that application for the order to sell was made and presented to the court.  Davis v. Touchstone, 45 Texas, 490; Withers v. Patterson, 27 Texas, 491; Hurley v. Barnard, 48 Texas, 87.  This disposes of one of the grounds of objection to the administrator's deed upon which it was excluded.

The other, and more serious objection, to the deed is that there was no confirmation of sale by the Probate Court.  This objection is doubtless based upon the idea that in the orders of sale and order of confirmation there is not sufficient description of the lands to which they relate to identify them with the lands described in the deed of the administrator to Jeptha D. Crawford.  It will be seen from the order of sale made in October, 1848, that the administrator came in and filed his *inventory* and appraisement of the property of the estate, and at that time made application to sell the *lands belonging to the estate situate in Cass County;* and the order was made to sell the lands "mentioned" on credit of twelve months, except that a sufficient amount should be sold for cash to pay funeral expenses of deceased, taxes, and expenses of administration already accrued.

In November, 1849, William M. Lambert, a creditor of the estate, presented his petition for a sale of the property of the estate to pay debts; and we learn from the order of the court thereon that the creditor's claim had been too long delayed, and that the administrator had no funds with which to pay it, and that it was *doubtful if there were enough lands to realize upon sale sufficient money to pay the debts of the estate.*

Upon this state of facts, an order that the administrator proceed to sell enough of the lands, if to be found, sufficient to satisfy the debts was made; and in the event the lands were not sufficient for the purpose, he was ordered to sell enough slaves to supply the deficiency.  No return or report of sale by the administrator appears among the proceedings; but on the 24th day of November, 1851, an order was made, purporting to be the action of the court upon a report of such sales, filed in answer to a citation commanding him to report the sales.  This order recites, that the administrator presented his report of a resale of lands in the counties of Cass and Titus belonging to the estate, *ordered* at a previous term of the court, and the court proceeded to approve *all* the sales, except as to six labors and a fraction of the C. Smith headright, which was qualifiedly approved, and which is not involved in this suit.  This order directs the administrator to proceed to convey the lands to the purchasers, naming them, and among the purchasers named is Jeptha D. Crawford.  The in-

ventory filed by the administrator is not among the probate records, but it will be presumed to have been before the court at the time the sale was ordered, and that the lands ordered to be sold were fully identified to the court by the application and inventory. It is reasonably clear that all the lands of the estate were ordered to be sold to pay the debts of the estate; and it is equally clear that Jeptha D. Crawford became a purchaser at such sale of some of the lands, and that the court approved the sale and ordered the administrator to convey the lands to him. The deed to Jeptha D. Crawford is dated in May, 1850, while the order approving the sale to him is dated November, 1851. There is nothing in this circumstance to indicate that the sale evidenced by the deed was not the sale intended to be approved. The date upon which the sale was ordered to be made was the first Tuesday in January, 1850, and it has not been at all uncommon for administrators to execute deeds to purchasers after sale and prior to order approving same, subject, of course, to the action of the court upon the report of sale. The order of confirmation, if effective at all, would be equally so, though the deed of the administrator was made before the entry of the order, under the circumstances stated.

What sale of land to Jeptha D. Crawford by the administrator did the court approve? The order of confirmation does not inform us; but the report of sale which the court had before it certainly identified the land to the court; and in the absence of all evidence that there was ever any other sale of land by the administrator to Jeptha D. Crawford, may not it be presumed in favor of the correctness of the official action of the administrator, that he reported to the court the sale of the land to Crawford which he had previously evidenced by his written deed?

It has been held in this State, that the failure of the order of sale to describe the land to be sold does not render the sale void; and administrators' sales have been upheld against collateral attacks where there was no attempt to identify the land, either in the application to sell or the order of sale. Wills v. Polk, 36 Texas, 121; Davis v. Touchstone, 45 Texas, 497. It has also been held, that where the application for the order to sell, the order of sale, and the order of confirmation are all vague and indefinite in description of the land, that the sale is not thereby rendered void, but the description may receive aid from other sources. Hurley v. Barnard, 48 Texas, 88.

At the time of the trial the deed in question was forty-one years old; it had stood all these years unassailed by the parties interested in the estate; the administration under which it was made was shown to have been carelessly carried on, and it is not likely at this late date that full proof can be made of the probate proceedings. It is the policy of the law to uphold the proceedings of our Probate Courts; they are courts of record of general jurisdiction in all matters relating to administration of

estates of deceased persons, and its judgments in such administration of estates, entrusted to its control by law, are to be regarded, in collateral actions attacking their validity, as entitled to the same presumptions as the judgments of any other court of record of general jurisdiction. Guilford v. Love, 49 Texas, 719.

In view of all the facts disclosed by the record, after this great lapse of time, while full proof of the probate proceedings exhibiting the power of the administrator to make the deed was not made, we think that it should have been presumed that the court confirmed the sale of the land to Jeptha D. Crawford as embraced in the administrator's deed, and that the court erred in not admitting the deed in evidence.

While it does not appear from the record, it is stated by counsel on both side of the case that the deed shows that the consideration which passed was the payment of a debt due by the estate to Crawford, and it is contended that this fact also renders the sale void. In view of the disposition which we shall make of the case, we think it proper to indicate our views upon this point.

It has been held in cases of administrators' credit sales, that the administrator may violate the terms of sale prescribed by law and the order of sale, and thereby become responsible on his bond, but that the sale is not thereby rendered void. Sypert v. McCowen, 28 Texas, 639; O. & W. Dig., art. 782. In keeping with the authorities on this point, we are of opinion that this fact, stated as to the deed in question, does not render the sale void.

While it is ordinarily the rule to make final disposition in this court of cases tried by the court below without a jury, inasmuch as the introduction of the administrator's deed would have presented an entirely different state of facts than that upon which the case was decided, and it being possible that the defendant had evidence of title in himself which he would have introduced had such a state of evidence confronted him, we think it proper to reverse and remand the cause for another trial, and it is so ordered.

*Reversed and remanded.*

Delivered November 2, 1893.