J. A. O'NEAL v. H. C. MANNING.

48   403
89   309

1. CONFLICTING PATENTS FOR SAME LAND.—Where both parties claim under patents regularly issued, and under locations and surveys legally made and returned to the land office, the initial proposition in the consideration of such case is to ascertain which claim first attached to the land.

2. ABANDONMENT OF PREEMPTION.—After a preëmption claim has been perfected, by designation and survey, actual residence for the time prescribed by the statutes, return of field-notes, with affidavits as to residence and payment of the purchase-money for the land and patent, an abandonment of the place by the preëmptor is not an abandonment of the claim.

3. SAME.—Nor is the statement of the commissioner of the General Land Office, made to a subsequent locator, that such preëmption was abandoned or forfeited, evidence of abandonment.

4. BURDEN OF PROOF.—The only effect of plaintiff having patent of elder date, is to throw upon defendant the burden of proving that his title attached at an earlier date than that of plaintiff. Such proof being made, it then devolved on plaintiff to show an abandonment, so as to make the land vacant at the location of the junior title.

APPEAL from Van Zandt. Tried below before the Hon. M. H. Bonner.

This was an action of trespass to try title in the ordinary

form, brought by H. C. Manning against John O'Neal, for 160 acres of land in Van Zandt county, part of a large tract patented to the heirs of A. T. Mitchell.

The defendant pleaded not guilty. A jury was waived and the cause submitted to the judge. There was no controversy as to the title claimed by each. The plaintiff exhibited a patent issued September 11, 1871, and transfers down to him.

The defendant proved, that, in 1859 or 1860, one David Ferguson settled on the land in controversy, and made improvements thereon, and resided on the land until the close of the war, and continued to live near the land up to the time of his death, in 1871 or 1872.

The certified copies from the land office, and the depositions of J. J. Gross, commissioner of the General Land Office, showed a designation made by David Ferguson, 3d of December, 1860, by his own oath, supported by testimony of two other witnesses, under the act of February 1, 1860, which required the settler to pay fifty cents per acre for the land. The land was surveyed, according to the designation, April 19, 1861; field-notes were duly recorded, and, with the affidavit of settlement, were transmitted to and filed in the General Land Office, May 11, 1861. On the file, was an indorsement that eighty-two dollars had been deposited on account of the claim, by whom, or when, is not shown; that sum was the amount due for patent at the time the field-notes were returned to the office.

On this claim a patent was issued February 23, 1874.

It was also shown that the Mitchell survey was made March 16, 1870, and the field-notes, with certificate, returned to the General Land Office, and there filed, April 30, 1870.

The testimony showed that Ferguson, when he made the settlement, in 1859 or 1860, made some improvements on it, inclosed a small patch, and used it as a stock ranche. In the latter part of the war, Ferguson left the land, and it has not

been occupied since. In a few years all of the improvements disappeared, and the land returned to its wild condition.

The plaintiff, in rebuttal, testified that he located the Mitchell certificate, getting half for locating same and obtaining patent; that about March 1, 1870, he was informed by the commissioner of the General Land Office that the David Ferguson 160-acre preëmption was forfeited, and that in locating lands adjoining it with a large certificate, that 160 acres must be included, or a certificate for unlocated balance would not be issued by the office. This statement of the commissioner was made after an examination of the David Ferguson file in the office. No one was in possession of the land when Mitchell located it; it had the appearance of wild land. He had seen the Ferguson survey on the map, but had located it and bought (in his services, &c.) the land in good faith. A letter was read from O'Neal to plaintiff, proposing to buy the Ferguson land, dated subsequent to the Mitchell location.

The court rendered judgment for plaintiff. Motion for new trial, for various grounds not discussed in the opinion, was made, and overruled; and O'Neal appealed.

*Kearbys & Allen*, for appellant, cited Kohlhass *v.* Linney, 26 Tex., 333; Cravens *v.* Brooke, 17 Tex., 268; Jennings *v.* De Cordova, 20 Tex., 508; Parish *v.* Weatherford, 19 Tex., 209.

*J. J. Hill*, for appellee.

I. "Where equity is equal, the law must prevail." (1 Perry on Trusts, secs. 218, 219, 239, 830; Hill on Trustees, 510, 515; Wethered *v.* Boon, 17 Tex., 143.)

II. Notice. (Hill on Trustees, 510, 515; Wethered *v.* Boon, 17 Tex., 149, and authorities in this case cited.)

III. Abandonment. (3 Wash. on Real Prop., 61, 3d ed.; Pickett *v.* Dowdall, 2 Wash., 107; Dikes *v.* Miller, 24 Tex., 424.)

ROBERTS, CHIEF JUSTICE.—Both parties claim under patents: the plaintiff, under one issued in 1871, upon a certificate of headright located upon the land in 1870; and the defendant, under a preëmption claim, proved up, designated, and surveyed in 1860 and 1861, and patented in 1874. Each party established a good title, abstractly considered, and each, in the absence of the other, would have shown, by the evidence, a title to the land in controversy sufficient to have ejected trespassers.

The case being submitted to the judge, judgment was rendered for the plaintiff, upon the ground, as it would seem from the reasons therein given, that the plaintiff, having the older title by patent, and an equal or greater equity, had the better right to the land.

Under the evidence in the case, we cannot regard this as presenting the true ground upon which the rights of the parties must be settled. The Ferguson preëmption was the first claim attaching to the land. That is the initial proposition in the consideration of the case. Proceeding from that, the questions are, first,—Was that a valid claim, so perfected by affidavits, proof, designation, survey, and occupancy, as to have constituted a valid appropriation of the land, it being public land of the State, subject to such appropriation? and secondly,—Has such claim, so perfected at one time, been abandoned or forfeited, so as to have become public land again, and liable to location in 1870, when the plaintiff located the headright certificate upon it?

The first question may be answered in the affirmative upon all the points named as necessary, the evidence thereon being entirely sufficient.

Upon the second question, the evidence relied on to show an abandonment of the claim, was that Ferguson, the preemptor, had left the place, and the improvements had disappeared, before 1870, when the plaintiff located the certificate upon the land, and that the plaintiff was told by the commissioner of the General Land Office that the Ferguson claim

was abandoned.  Abandoning the place after the claim had attached by a substantial compliance with the law, was not an abandonment of the claim; nor, indeed, was it any evidence of it in this case.

The representation of the commissioner of the General Land Office to plaintiff, that the claim had been abandoned or forfeited, did not make it so, any more than the mere talk of any other officer with whom a land-locator might converse, in seeking to find vacant land.

The two patents for the same land being issued, was most likely a mistake at the General Land Office, arising out of not knowing that both surveys covered the same land, when the first patent was issued.  But whether it was or not, the only advantage in the trial of this case which the plaintiff derives from having obtained the first patent, is that it establishes his title, *prima facie*, in the first instance, and throws the burden of proof upon the defendant of establishing, by evidence, that Ferguson, under whom he derives title, made a legal appropriation of the land, previous to the location of the plaintiff's certificate.  That once shown, it will be presumed to have continued to exist until the patent to Ferguson's heirs was issued, confirming it; and it will change the burden of proof on the plaintiff to show that the right under the Ferguson claim that once existed has been lost, so as that the land was vacant in 1870 when he located his certificate upon it, which his evidence fails to do, as it is presented in the record.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.