## David L. Gallup et al. v. H. D. Thacker.

### No. 2001. Decided April 13, 1910.

**Homestead Donation—Residence—Abandonment.**

    One, who, in compliance with the statute, has made application for a homestead donation and has completed the three years' residence entitling him, on making proof thereof, to receive patent, but without filing in the Land Office the evidence of his occupancy of same for three years prescribed by the Statute (Act of August 12, 1870) has not complied with the terms of the law entitling him to receive title from the State, and is protected in his rights to such land only so long as he remains in possession. One who purchases the land from the State and receives patent while it remains so abandoned obtains the title as against such previous locator.

Questions certified from the Court of Civil Appeals for the First District in an appeal from San Augustine County.

*Terry, Cavin & Mills,* for appellants.—The undisputed evidence showing that appellee and his family deserted· the land in controversy for thirty-one years; that no evidence of their occupancy remained upon the land itself and that appellee never filed in the General Land Office the proof of occupancy required of him by the statutes and that appellants' title was acquired in good faith from the State without actual knowledge of appellee's claim, appellants were entitled to a recovery of the land against appellee. Act of August 12th, 1870, Sayles Early Laws, article 3456; Gammel's Reprint of the Laws of Texas, volume 6, page 242; Act of May 16, 1871, Sayles Early Laws, article 3586; Gammel's Reprint of the Laws of Texas, volume 6, · page 995; Act of May 26, 1873, Sayles Early Laws, article 3774; · Gammel, Volume 7, page 553; Wood v. Collins, 60 Fed. Rep., 141; Jennings v. De Cordova, 20 Texas, 514; Kinsey v. Sasse, 3 Texas Civil Appeals, 216; Taylor v. Criswell, 4 Texas Civil Appeals, 106; Teel v. Huffman, 21 Texas, 782; Fowler v. Alfred, 24 Texas, 185; Kohlhass v. Linney, 26 Texas, 334; Lewis v. Mixon, 11 Texas, 568; Cravens v. Brooke, 17 Texas, 269.

The undisputed evidence showing that appellee and his family left the land in question and left San Augustine County in 1876, and moved to West Texas, where they continued to reside for twenty-two years and that no one representing them resided upon· the land after their departure in 1876, and the evidence further showing that the land was patented to S. W. Blount, Sr., by the State of Texas, in 1882, and that appellants who hold the Blount title and those under whom they claim, held the Blount title without actual knowledge of the three years occupancy by appellee at the time of the purchase by appellants and those under whom they claim, and no proof of the

three years' occupancy having been filed by appellee or any one representing him until twenty-five years after the land had been patented to Blount, the location and homestead claim of appellee to the eighty acres in question is rendered null and void by article 4171, of the Revised Statutes. Rev. Stats., art. 4171; Snider v. Methvin, 60 Texas, 487, 499, 500; Hamilton v. Avery, 20 Texas, 634-636; Yocham v. McCurdy, 95 Texas, 335, 344; Frisbie v. Whitney, 76 U. S., 187; Campbell v. Wade, 132 U. S., 37; Bower v. Higbee, 9 Mo., 259; Phelps v. Kellog, 15 Ill., 135; Meyer on Vested Rights, paragraphs 204, 210.

*H. B. Short,* and *Foster & Davis,* for appellee.—When a pre-empter settles upon public domain and makes application for a survey, and the survey is made and the field notes are returned to the General Land Office within the time required by law, the land is thereby segregated from the public domain; and after the occupancy of the preemptor has continued for three years, his title at once matures into an indefeasible title; and a sale thereafter by the State to another applicant is absolutely void. Sec. 8, art. 10, Constitution of 1869 of Texas; Act of Aug. 12, 1870, Sayles Early Laws, art. 3456; Act of May 16, 1871, Sayles Early Laws, art. 3586; Act of May 26, 1873, Sayles Early Laws, art. 3774; O'Neal v. Manning, 48 Texas, 403; Mills v. Brown, 69 Texas, 244; Clifton v. Thompson, 29 S. W., 197; Roberts v Trout, 13 Texas Civ. App., 70; Buford v. Gray, 51 Texas, 335; Spier v. Laman, 27 Texas, 215; McKinney v. Grassmeyer, 51 Texas, 376.

Proof of occupancy, under the Act of August 12, 1870, under the provisions of which appellee made application for the eighty acres of land in controversy, was not required as a condition of title, but as a prerequisite only to the performance of the ministerial act of the issuance of the patent. If said Act required the return of proof of occupancy as a condition to the vesting of title, then said Act, in that respect, is void, because, first, it requires a greater duty of the settler than sec. 8, art. 10, of the Constitution of 1869 of the State of Texas required; and, second, the same is uncertain in its operation, no time being specified in which the settler is required to file such proof of occupancy. Sec. 8, art. 10, Constitution of 1869; Act of Aug. 12, 1870, Sayles Early Laws, art. 3456; Sutherland Statutory Construction (2d ed.), sec. 86; 26 Am. & Eng. Ency. of Law (2d ed.), 656; Ward v. Ward, 37 Texas, 389.

Appellee having settled in good faith upon the land, and made application therefor and had same surveyed and the field notes returned to the Land Office, and having in good faith occupied the same for three years after making his application, thereby acquired an indefeasible title to same as against the State and the world; the record of the field notes in the surveyor's records of San Augustine County, and the General Land Office, and the delineation of same on the official map of said county in the Land Office, gave notice of the rights of the appellee, and neither S. W. Blount, Sr., nor any purchaser of his title could be innocent purchasers. Rev. Stats., arts. 4071, 4073, 4074, 4075, 4098; Rev. Stats., 62 to 65 inclusive; Rev. Stats., 4042

and 4043; Byrne v. Fagan, 16 Texas, 398 and 399; Wilson v. Williams, 25 Texas, 65; Elliot v. Mitchell, 47 Texas, 448.

The settling on the land by appellee, his application, the survey and the return of the field notes to the General Land Office, and the occupancy by appellee in good faith for three years, matured an indefeasible title in appellee before the expiration of the year 1876; and Act of 1879 incorporated in the Revised Statutes as art. 4171, if intended to affect the title of appellee, is void, first, as against sec. 16, art. 1, of the present Constitution of Texas, forbidding the passage of retroactive laws and laws impairing the obligation of contracts; and, second, is void for uncertainty, in that, while a forfeiture is declared for failure to return proofs of occupancy, yet no time is fixed by the Act in which the pre-emptor can comply with its terms and avoid a forfeiture. Present Constitution of Texas, art. 1, sec. 16; Keith v. Guedry, 114 S. W., 392; 1 Sutherland, Statutory Construction (2d ed.), sec. 86; 26 Am. & Eng. Ency. of Law (2d ed.), 656; 8 Cyc., 1019, 1020, 1022, 929, et seq.; 26 Am. & Eng Ency. of Law, 661, last paragraph of text.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the First District as follows:

"This is a suit brought by the appellants against the appellee to recover a tract of 140¾ acres of land in San Augustine County, patented by the State to S. W. Blount.

"Appellee disclaimed as to all of the land except a tract of eighty acres thereof, as to which he pleaded not guilty and by cross-action prayed for recovery of title thereto against appellants.

"The following conclusions of fact filed by the trial court are sustained by the evidence:

" '1. I find that defendant, H. D. Thacker, resided in San Augustine County, Texas, in May, 1872, and that he was a single man, over twenty-one years of age, and owned no land at that time, and had no homestead.

" '2. I find that he made application under the Homestead Donation Act of August 12, 1870, for a survey of eighty acres of land of the public domain in San Augustine County, Texas, and that he made his affidavit on the 12th day of June, 1873, of settlement and application to the county surveyor of San Augustine County, for a survey of eighty acres of land, which affidavit of settlement and application were in all respects as provided by law, and that the same were duly filed and recorded in San Augustine County, Texas.

" '3. I find that on the 12th day of October, 1873, the surveyor for San Augustine County, W. N. Whitton, surveyed the eighty acres of land for the defendant Thacker, the same described in his answer, and the field notes thereof were duly filed and recorded in the surveyor's office of San Augustine County, between the 12th day of October and the 1st day of November, 1873, and that the original field notes, application for survey and affidavit of settlement were returned to and duly filed in the Land Office at Austin, Texas, and I find that the same are now of record in the county of San Augus-

tine and also on file and of record in the Land Office at Austin. I find that said land was subject to appropriation by the defendant, and that defendant paid all fees required by law.

" '4. I find that defendant Thacker settled upon said land in May, 1873, built him a house thereon and in good faith resided upon and occupied the same until December, 1876, continuously, making the same his home; that in December, 1876, he moved off of said land and went to West Texas, and remained there until some time in the year 1898. During the time he was away no one lived upon said land, nor did he hear anything about the land except one time during his absence; that upon his return he made proof of occupancy and filed same in the General Land Office on the 21st day of January, 1907.

" '5. I find that the H. D. Thacker survey of eighty acres as made for him was delineated and platted on the map of San Augustine County in the General Land Office of Texas in 1873, in the name of H. D. Thacker, and remained thereon until supplanted by the survey made for S. W. Blount, containing 140 acres, which included the Thacker 80 acres.

" '6. I find under Act approved July 14, 1879, a survey of 140¾ acres land was made for S. W. Blount, Sr., and that said survey included the 80 acres heretofore surveyed for said Thacker, and that said 140 acres of land was duly patented to said S. W. Blount on September 9, 1882, and said patent is duly recorded in San Augustine County, Texas, and I find that plaintiffs have acquired a title of Blount by mesne conveyances down to themselves.

" '7. I find that Chas. Flourney and two other persons made an affidavit that said Thacker had abandoned his homestead donation and that the same is on file in the General Land Office at Austin, and that the Commissioners of the General Land Office refused to issue patent to said Thacker for his 80 acre homestead donation because the same was covered by patent issued to said Blount for said 140 acres, dated September 9, 1882.'

"The affidavit of Flournoy and others, referred to in the sixth conclusion of fact before set out, was filed in the Land Office before the land was patented to Blount. The East Texas Land Company, the vendor of appellants, purchased the land from Blount in 1882, for a valuable consideration and without any actual knowledge of the fact that it had ever been occupied by appellee or that he had any claim thereto. The agent of the company who made the purchase testified that he went over the land before buying it and found nothing thereon to indicate that it had ever been occupied or improved.

"Upon these facts the trial court rendered judgment for the defendant, and at a former day of this term this judgment was affirmed by this court, Justice Pleasants dissenting.

"In compliance with the request of appellants, made under art. 1040 of the Revised Statutes, we respectfully certify for your decision the following question:

"Do the facts stated sustain the judgment of the trial court?"

We answer that the facts do not sustain the judgment.

The fundamental question is, whether or not, before his abandon-

ment of possession, Thacker, by all that he had done, had acquired such title to the land as put it out of the power of the State, by the patent issued to Blount after such abandonment, to pass title to the latter.

By his settlement Thacker secured the right to possess and use the land for the purpose of acquiring it by taking the steps prescribed by the statute as essential to that end. This right was sufficient to enable him to enjoy the land as a home, to defend his possession, and to recover it from any one wrongfully dispossessing him. It also protected the land from interference by other locators so long as he continued in possession and continued his compliance with the law. It may also have been such that the State could not have taken it from him so long as he pursued the course marked out by the law. But this was the true character and the full extent of his right unless he matured it into a better one, into the full equitable title, by doing all that was made incumbent on him by the law to entitle him to a fulfillment of the State's promise of a grant; in other words, to a patent. Unless that condition arose from his acts his right never became such title, legal or equitable, as the State could not disregard whenever he finally ceased to comply with any of the conditions upon the performance of which the grant was to be based. Buford v. Bostick, 58 Texas, 70; Creamer v. Briscoe, 101 Texas, 492. One of those conditions prescribed by every statute in force during the time of Thacker's occupancy was that he should occupy for three years and should file in the Land Office prescribed evidence that he had done so. 2 Pasch. Dig., art. 7046; Acts 1873, p. 101; Acts 1876, p. 197; Rev. Stats., 1879, arts. 3944, 3948.

We can see no reason for which it could be held that the making of proof of occupancy was not essential. That was no immaterial requirement. Without the evidence demanded by it neither the officer of the State nor others entitled to acquire parts of the public domain could know that he had or claimed any right in or to the land after he had left it. The evidence in the land office and on the map that he had once taken steps, but not all the steps, required to acquire it, informed no one, when he was no longer in possession, of the fact of which the law required a particular kind of evidence in the Land Office, i. e., that he had occupied for three years. No time having been fixed within which, after the expiration of the three years, the proof must be made, it may be true that the right yet to do it continued, so long as the settler remained in undisturbed possession. But it was still only the right, which we have defined, to hold and use the land in order to complete the performance of all the State exacted to entitle him to a patent, and not such full equitable title as arises from completed performance. With respect to the latter, it is true that mere abandonment of possession does not defeat it. O'Neal v. Manning, 48 Texas, 403. But as the right which exists before such performance arises and exists only from settlement and continued occupancy it must necessarily end whenever the occupancy ends.

The doctrine laid down in the decisions of this court that after the doing by a locator, purchaser, or settler of all that is required

to be done by him as conditions of the acquisition of title, he is invested with the full equitable title to which continued possession is not essential, can not apply in favor of Thacker, for the reason that he had not done all that was required of him. To hold that he had would simply be to dispense with a clear requirement of the statute.

The proposition that by the steps actually taken the land was severed from the public domain and appropriated by him begs the question. The land was so severed only in the sense that it was protected from location by others so long as he pursued the course marked out by the law. It is not true that he acquired it without following that course to the full extent prescribed; and having given up his possession, which was all that kept in force his right still to perfect his title, before he did so, his claim necessarily came to naught.

The authority most relied on to sustain the judgment is O'Neal v. Manning, 48 Texas, 403. The land there in question was purchased by Ferguson under "An Act to authorize the sale of the public domain," of February 11, 1858, as amended by the Act of February 1, 1860; Laws 1858, p. 193-196; Laws 1860, p. 30-32. These statutes authorized sales of tracts of 160 acres of public domain to "heads of families who are settled upon or who may hereafter settle upon" them at fifty cents per acre. Several things were required of the purchaser, all of which, according to Judge Roberts' opinion in O'Neal v. Manning, were done by Ferguson. There was no requirement of three years occupancy and therefore no requirement of proof thereof. Neither that case nor any other of which we have knowledge is authority for the proposition that proof of occupancy when required by a statute like that in question is not essential to the vesting of the equitable title. We therefore conclude that when Blount made his location Thacker no longer had a right in the land which was an obstacle to its acquisition from the State.

The view taken of the case makes it unnecessary that we consider the question whether or not article 3948 of the Revised Statutes of 1879, which was the same as article 4171 of the revision of 1895, applied to claims which existed prior to its adoption in 1879, and if so, whether or not its effect was to cut off those which were not perfected by proof of occupancy within a reasonable time after its enactment. The statutes of 1873 and of 1876, before referred to, in providing for such proofs, in terms applied as well to claims which had inception before as after their enactment. In the revisions a corresponding provision was inserted as articles 3944, 1879, and 4167, 1895, from which the express reference to preexisting claims was omitted, which opens up the question whether or not they were intended to be affected by articles 3948, 4171. If it should be held that they were, then the cases of Boon v. Chamberlain, 82 Texas, 480, and Keith v. Guedry, 122 S. W., 17, would have material bearings on the further question suggested.