**HOLLAND v. SWILLEY et al.　(No. 1167.)***

(Court of Civil Appeals of Texas. Beaumont. Jan. 16, 1925. Rehearing Denied Feb. 4, 1925.)

**1. Homestead ⬤═134—Exemption of homestead from forced sale cannot be transmitted by descent.**

Exemption of homestead from forced sale cannot be transmitted by descent.

**2. Homestead ⬤═142(1)—Granddaughter, not a constituent member of family of which decedent was the head, could not assert claim of homestead to decedent's land.**

Where daughter and granddaughter of decedent were not constituent members of a family of which decedent was the head at the time of his death, decedent's land was not homestead to which granddaughter could assert claim exempting land from sale for payment of decedent's debts.

**3. Dismissal and nonsuit ⬤═81(6)—Judgment overruling motion to reinstate cause dismissed for want of prosecution affirmed on plaintiff's failure to show meritorious cause of action.**

Judgment denying plaintiff's motion to reinstate action dismissed for want of prosecution will be affirmed on plaintiff's failure to show a meritorious cause of action.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Suit by Elmira Holland against W. S. Swilley and others. From a judgment refusing plaintiff's motion to reinstate case, dismissed for want of prosecution, plaintiff appeals. Affirmed.

W. H. Smith, of Houston, for appellant.

Noll, King & Jackson, of Beaumont, and Stevens & Stevens and Vinson, Elkins, Wood & Sweeton and Wharton Weems, all of Houston, for appellees.

O'QUINN, J. Appellant, as plaintiff below, brought this suit in the district court of Liberty county, Tex., June 28, 1919, against W. S. Swilley, the Sabine Tram Company, and the Thompson & Ford Lumber Company, in trespass to try title to 143 acres of land, and for damages for timber cut and removed from said land.

The defendants in their answer, among other things, pleaded the three, five, and ten year statutes of limitation, and defendant Swilley asserted title to the land by virtue of a tax sale and deed to him by the sheriff of Liberty county, Tex., for the taxes for the year 1891, and also claimed title to the land through an administrator's sale and deed authorized and approved by the county court of Liberty county.

On August 8, 1923, the suit was dismissed for want of prosecution. Appellant alleges that she was not aware that her suit had been dismissed until after the term of the court at which it was dismissed had adjourned, and so she filed her motion to reinstate the case upon the trial docket at the succeeding term of the court. This appeal is from a judgment refusing said motion.

The motion to reinstate the cause upon the docket was resisted by appellees upon several grounds, among others, that appellant failed to show that she had a meritorious cause of action. Having concluded that this contention of appellees should be sustained, we shall discuss that question only.

The land was pre-empted by George Reubin, who, appellant claims, was her grandfather, in the '80's. Proof of occupancy was not filed in the general land office until after the death of George Reubin, and then patent was issued to the heirs of George Reubin, January 22, 1894.

George Reubin was a slave and belonged to a man named Sevan Broussard. While a slave he lived with a negro woman, who also was a slave, but belonged to a different master, another Broussard. Her owner removed from Texas to Louisiana before the Civil War, and she went to Louisiana with him. George Reubin never lived with this woman after she went with her master to Louisiana. He had a daughter by this woman named Lesau, who was the mother of appellant. After the war George Reubin married a negro woman by the name of Sallie, and they lived together on the land

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 18, 1925.

in controversy until she died. She died before George died, not leaving any children. While George Reubin lived with his wife, Sallie, he brought his daughter, Lesau, to his home, and she lived with him for a time on the land in question. At that time Lesau was a little girl some eight or ten years old. She continued to live with him and his wife, Sallie, until Sallie died, and for some two or three years afterwards, when she went away, and then he left, and no one lived on the place after that, and the house rotted down. When George Reubin left the place he went and lived at the home of a white lady named Mrs. Walter Taylor, where he continued to live until he died, in 1892. Mrs. Taylor administered upon the estate of George Reubin, and the land in controversy was sold under this administration for the payment of debts owed by Reubin. Appellant W. S. Swilley purchased the land at administrator's sale, and received deed thereto.

The regularity of the administrator's sale is not attacked by appellant, but she contends that, being the granddaughter of George Reubin, she is entitled to recover the land; that the land was the homestead of her grandfather, George Reubin, and hence that she is entitled to assert a homestead claim thereto, and that, by reason of the land being the homestead of her grandfather at the time of his death, it was not subject to sale by the administrator, and therefore the sale was void.

Appellees contend that, as the undisputed evidence showed that George Reubin was not occupying the land at the time of his death, and had not done so for several years before, and that appellant was not living with her grandfather upon the premises at the time of his death, and had not so lived for years prior thereto, she was not a constituent member of George Reubin's family at the time of his death, and therefore not entitled to the claim of homestead exemption, even if she was a legitimate heir of George Reubin, which they do not concede, but deny, and which we do not determine, not deeming it necessary to a determination of the case.

[1, 2] We think appellees' contention sound. Appellant was not a constituent member of George Reubin's family—he had no family—at the time of his death, and this she must have been to be entitled to the exemption claimed. The exemption of homestead from forced sale cannot be transmitted by descent. It is only to the *family* that the exemption is given by the Constitution or statute. Therefore, when George Reubin died, as neither appellant nor her mother were constituent members of a family of which he was the head at the time of his death, the land in question was not a homestead, and hence the probate court had jurisdiction of

the property, and was authorized to sell same for the payment of his debts. Burns v. Jones, 37 Tex. 50; Givens v. Hudson, 64 Tex. 473; Zwernemann v. Von Rosenberg, 76 Tex. 525, 13 S. W. 485; Roots v. Robertson, 93 Tex. 365, 55 S. W. 308; Wilkins v. Briggs, 48 Tex. Civ. App. 596, 107 S. W. 135.

[3] Because appellant failed to show that she had a meritorious cause of action, the judgment should be affirmed, and it is so ordered.