**HOLLAND v. SWILLEY.    (No. 1290.)\***

(Court of Civil Appeals of Texas. Beaumont. Nov. 19, 1925. Rehearing Denied Dec. 2, 1925.)

Executors and administrators ⚖==39—Homestead, pre-empted by decedent, held subject to administration, notwithstanding patent issued to heirs.

Decedent's right in land pre-empted by him as homestead under Act May 26, 1873 (Laws 1873, c. 67), came into existence during his lifetime, and was subject to administration and sale for his debts, and was not a gratuity or donation to his heirs, notwithstanding it was patented to his heirs after his death.

Appeal from District Court, Liberty County; J. M. Combs, Judge.

Action by Elmira Holland against W. S. Swilley. Judgment for defendant and plaintiff appeals. Affirmed.

See, also, 268 S. W. 758.

Wilford H. Smith, of Houston, for appellant.

Stevens & Stevens, of Houston, for appellee.

O'QUINN, J. Suit in trespass to try title to 143 acres of land, brought by appellant against appellee, in the district court of Liberty county, Tex. Appellant claimed the land as the only surviving heir of George Reuben, who, as the head of a family, pre-empted and settled upon same under the homestead law of this state, approved May 26, 1873 (Laws 1873, c. 67) but died before making proof of occupancy. Zelima Taylor administered on his estate, and, upon her application and proper proof of occupancy, patent was issued to the heirs of George Reuben to the land. Appellee asserted title to the land under a deed from Mrs. Taylor, the administratrix; the sale of the land having been made to satisfy debts against the estate of George Reuben.

The case was tried before the court without a jury, and judgment rendered for appellee, from which judgment this appeal is taken.

The land in question was pre-empted by George Reuben as a homestead in the 80's. Proof of occupancy was not filed in the general land office before his death. At the time he died he was living at the home of a white lady, Mrs. Zelima Taylor, who administered upon his estate, and upon proper application and proof of occupancy obtained patent to the land on January 22, 1894, in the name of the heirs of George Reuben. As administratrix she sold the land to pay the debts of Reuben; appellee Swilley becoming the purchaser and receiving deed thereto.

The regularity of the administrator's sale is not attacked by appellant, but she contends that, patent to the land having been issued to the heirs of George Reuben, under the Constitution and laws of this state providing for homestead donations to the heads of families, the land did not form a part of the estate of George Reuben, but was a gratuity or donation by the state to his heirs, and hence the probate court was without jurisdiction to administer and sell same, and therefore the sale of the land under administration was void, and the deed to appellee conveyed no title.

This contention cannot be sustained. The land was the homestead pre-emption of George Reuben, and was in no sense a gratuity or donation to his heirs. His right to the land came into existence during his lifetime, and hence, though patented to his heirs after his death through that right, constituted a part of the assets of his estate, and was therefore subject to administration. Allen v. Clark, 21 Tex. 404; Rogers v. Kennard, 54 Tex. 30; Todd v. Masterson, 61 Tex. 618

(622); Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852.

The authorities cited by appellant to sustain her contention are not applicable to the facts of the instant case. This case is not to be confounded with those cases where the land was granted to the heirs of deceased persons as a gratuity or pure donation because of special service rendered the state by the deceased ancestor of the heirs and in gratitude for such service (Leonard v. Rives [Tex. Civ. App.] 33 S. W. 291, Summerlin v. Robb, 11 Tex. Civ. App. 53, 31 S. W. 711, Moody v. Bonham [Tex. Civ. App.] 178 S. W. 1021, Todd v. Masterson, 61 Tex. 622, Grant v. Wallis, 60 Tex. 352, and McKinney v. Brown's Heirs, 51 Tex. 94, are of this class); nor with that other class of cases where persons settling on public domain, with a view to pre-empting, but abandoned the land—moved away—and an outsider secured patent for himself (Gallup v. Thacker, 103 Tex. 310, 126 S. W. 1120; Roberts v. Trout, 13 Tex. Civ. App. 70, 35 S. W. 323, are of this class).

The question of homestead exemption as a reason why the probate court had no jurisdiction to administer the land as an asset of the estate of George Reuben is not raised by appellant on this appeal, except inferentially. On a former appeal involving this same property, the homestead exemption question, as claimed by appellant, was fully discussed and decided against her. Holland v. Swilley, 268 S. W. 758.

The judgment is affirmed.